| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, NJ 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Proposed Counsel for PishPosh, Inc., the Chapter 11 Debtor and Debtor-in-Possession* | |
| In re:<br><br>PISHPOSH, INC.,<br><br>     Debtor. | Chapter 11<br><br>Case No. 25-15424 (CMG) |
| PISHPOSH, INC.,<br><br>     Plaintiff,<br>v.<br><br>SMPL LLC,<br><br>     Defendant. | Adv. Pro. No. |

**VERIFIED ADVERSARY COMPLAINT AGAINST DEFENDANT SMPL LLC (I) SEEKING INJUNCTIVE RELIEF PREVENTING SMPL, LLC FROM DISPOSING OF DEBTOR'S INVENTORY; (II) DECLARING INVENTORY PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 541; AND (III) COMPELLING TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542**

Plaintiff, PishPosh, Inc. (the "Debtor" or "Plaintiff"), by and through its proposed counsel, McManimon, Scotland & Baumann, LLC, by way of its Verified Adversary Complaint against Defendant SMPL LLC ("SMPL" or "Defendant") (i) Seeking Injunctive Relief Preventing Defendant From Disposing of Debtor's Inventory; (ii) Declaring Inventory Property of the Estate Pursuant to 11 U.S.C. § 541; and (iii) Compelling Turnover of Estate Property Pursuant to 11 U.S.C. § 542 (the "Complaint"), hereby states and alleges as follows:

**JURISDICTION AND VENUE**

1. On May 21, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. ECF 1.

2. This is an Adversary Proceeding as defined by Fed. R. Bankr. P. 7001, and a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2).

3. The Bankruptcy Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue in this matter is properly before this Court by virtue of 28 U.S.C. § 1409(a), as this is a proceeding arising under Title 11 of the United States Code (the "Bankruptcy Code").

**PARTIES**

5. The Debtor, incorporated in the State of Delaware, has a principal place of business at 1915 Swarthmore Ave, Lakewood, NJ 08701 (the "Property"). Pursuant to a Certificate of Merger of Domestic Liability Company Into a Domestic Corporation, the Debtor, as the surviving corporation merged into Pish Posh Baby, LLC. The merger was effective February 24, 2022.

6. The Debtor is a rapidly growing online retailer specializing in premium baby products. Founded in 2015, the company has established itself as a leading e-commerce platform catering for baby products. The Debtor distinguishes itself by offering new and unique brands and products that inspire mothers and fathers to shop for baby products. The Debtor operates out of the Property where it showcases its products through a showroom boutique, its website (pishposhbaby.com), and third-party marketplaces like Amazon and Walmart. The Debtor's products include brand-name strollers, car seats, and other baby gear and accessories.

7. SMPL is a third-party logistics ("3PL") service provider to the Debtor, where SMPL fulfills shipments for the Debtor's customers. SMPL has an address located at 800 Central Avenue, Farmingdale, New Jersey (the "Warehouse"). In short, the Debtor warehouses its products at SMPL and SMPL ships the Debtor's products to the Debtor's customers. SMPL does not own any of Debtor's products/inventory.

## BACKGROUND

8. SMPL is in possession of the Debtor's inventory worth approximately $500,000 (the "Inventory"), which is held at the Warehouse. SMPL is improperly withholding shipment of customers' orders totaling approximately $100,000 of the total $500,000 Inventory, due to a dispute between the Debtor and SMPL.

9. The Debtor acquired the Inventory using proceeds from certain loans extended by Altbanq Lending LLC ("Altbanq"), which holds a security interest in the Inventory.

10. On or about April 1, 2025, the Superior Court of New Jersey, Monmouth County, Chancery Division, General Equity (the "State Court") entered an Order to Show Cause with Temporary Restraints (the "State Court OSC"), pursuant to an action filed by Altbanq against SMPL, under case caption *Altbanq Lending LLC v. SMPL, LLC*, bearing Docket No. L-1231-25.

11. The State Court OSC ordered SMPL to appear on April 28, 2025, regarding the turnover of the Debtor's Inventory to Altbanq and enjoin SMPL from disposing, moving, selling, ruining, or otherwise interfering with the Debtor's Inventory.

12. On April 28, 2025, the State Court entered an Order enjoining SMPL from disposing, moving, selling, disposing, ruining, or otherwise interfering with the Inventory (the "State Court Order").

4931-2776-4297, v. 1

13. On May 22, 2025, Debtor's counsel emailed a letter to Yosef B. Jacobovitch, Esq., Burton Jacobovitch Law Group, counsel to SMPL, (i) advising SMPL of the Debtor's bankruptcy filing the prior day on May 21, 2025, (ii) advising SMPL that the Inventory is now part of the Debtor's bankruptcy estate under Section 541 of the Bankruptcy Code, and (iii) requesting SMPL turnover the Inventory to the Debtor.

14. To date, the Debtor has not received a response from Mr. Jacobovitch. SMPL remains in violation of the State Court Order and is impermissibly withholding property of the estate which is harming the Debtor each day.

15. SMPL is causing irreparable harm to the Debtor's chances of reorganization because SMPL is not fulfilling the Debtor's customers' orders in a prompt fashion by holding the Inventory hostage.

16. Customers have reported shipments taking anywhere from three (3) to four (4) weeks to fulfill, which has caused the Debtor to have to place a disclaimer on purchases reflecting same.

17. This shipment delays are detrimentally affecting the Debtor's business and is caused solely by SMPL's failure to promptly ship goods.

18. The Debtor's "frequently asked questions" section on its website represents shipments will take no longer than (6) days, which is not being met because of SMPL's failure to promptly ship goods.

## COUNT ONE
### (Injunctive Relief)

19. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

20. The facts enumerated herein and the documents and exhibits annexed are not materially disputed, and, thus, no issues of fact exist in this matter.

21. Based upon the facts set forth above, the equities weigh overwhelmingly in Plaintiff's favor in connection with Plaintiff's request for injunctive relief seeking a turnover of the Inventory. SMPL's failures to ship goods disrupts the Debtor's business operations and to the detriment of the Debtor's creditors and its reorganization.

22. Without an injunction, Plaintiff will be irreparably harmed.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order:

(a) Temporarily, preliminarily, and permanently restraining Defendant from retaining the Inventory or disposing of the Inventory;

(b) Compelling Defendant immediately turnover the Inventory to the Debtor;

(c) Granting Plaintiff compensatory, incidental, consequential, and punitive damages;

(d) Granting Plaintiff's attorneys' fees, costs of suit; and

(e) Granting such other and further relief as the Court deems just and equitable.

## COUNT TWO
**(Declaratory Relief Pursuant to 28 U.S.C. § 2201 that the Inventory is Property of the Estate Pursuant to 11 U.S.C. § 541)**

23. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

24. The facts enumerated herein and the documents and exhibits annexed are not materially disputed, and, thus, no issues of fact exist in this matter.

25. Based upon the facts set forth above, The Inventory held by the Defendant constitutes property of the Debtor's estate under 11 U.S.C. § 541.

26. An actual controversy has arisen between the parties because Defendant remains in possession, custody, and control of the Debtor's Inventory by its failure to ship the Debtor's customers orders, thereby wrongly remaining in possession of same.

27. Debtor seeks a judicial declaration pursuant to 28 U.S.C. § 2201 that the Inventory is the sole and exclusive property of the Debtor's estate pursuant to 11 U.S.C. § 541.

28. Such a declaration is necessary and appropriate to resolve the controversy and allow for proper administration and distribution of the estate.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order:

(a) Declaring the Inventory property of the Debtor's estate;

(b) Compelling Defendant immediately turnover the Inventory to the Debtor;

(c) Granting damages in an amount to be determined at trial;

(d) Granting Plaintiff's attorneys' fees and costs of suit; and

(e) Granting such other and further relief as the Court deems just and equitable.

## COUNT THREE
### (Recovery of Property of the Estate Pursuant to 11 U.S.C. § 541)

59. Plaintiff repeats and realleges each and every allegation set forth above as if set forth herein at length.

60. The Inventory held by the Defendant constitutes property of the estate under 11 U.S.C. § 541. Such property of the estate must be turned over to the Debtor, to pay its creditors and for a successful reorganization.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order:

(a) Declaring the Inventory property of the Debtor's estate;

(b) Compelling Defendant immediately turnover the Inventory to the Debtor;

(c) Granting damages in an amount to be determined at trial;

(d) Granting Plaintiff's attorneys' fees and costs of suit; and

(e) Granting such other and further relief as the Court deems just and equitable.

## COUNT FOUR
### (Compel Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542)

29. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth at length herein.

30. Defendant is in possession, custody, or control of the Inventory, which is property of the estate pursuant to 11 U.S.C. § 541. Defendant is now obligated to return the Inventory to the Debtor.

31. Pursuant to the Bankruptcy Code and case law, the Inventory is property of the Estate and must be turned over to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order:

(a) Declaring the Inventory property of the Debtor's estate;

(b) Compelling Defendant immediately turnover the Inventory to the Debtor;

(c) Granting damages in an amount to be determined at trial;

(d) Granting Plaintiff's attorneys' fees and costs of suit; and

(e) Granting such other and further relief as the Court deems just and equitable.

## COUNT FIVE
### (Tortious Interference with Prospective Economic Advantage)

32. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

33. Plaintiff had a reasonable expectation of economic advantage in securing the Inventory which is necessary for its business to operate effectively. Plaintiff reasonably could

have expected, absent disruption of the relationship, that it would have received the economic value of profits by sales of the Inventory if the relationship was not damaged.

34. Through the aforesaid unlawful and malicious conduct, Defendant has intentionally and maliciously interfered with Plaintiff's prospective economic advantage.

35. As a result of the foregoing, Plaintiff has been damaged and/or irreparably harmed.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order:

(a) Granting Plaintiff's compensatory, incidental, consequential, and punitive damages;

(b) Granting Plaintiff's attorneys' fees, costs of suit; and

(c) Granting such other and further relief as the Court deems just and equitable.

## COUNT SIX
### (Breach of Contract)

36. Plaintiff repeats and realleges the allegations set forth above as if set forth at length herein.

37. Plaintiff and Defendant, in a business relationship, have an agreement regarding Defendant promptly fulfilling shipments to the Debtor's customers in the ordinary course.

38. The Plaintiff and Defendant each gave mutual assent to the relationship.

39. Defendant owed a duty to Plaintiff. That duty to Plaintiff was breached when Defendant failed to promptly fulfill shipments from the Inventory it possessed. As a result of this failure, Plaintiff was damaged.

40. SMPL is in breach of the implied contract.

41. As a result of the foregoing, Plaintiff has and will continue to sustain substantial damages and imminent and irreparable harm.

8

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order:

(a) Granting Plaintiff's compensatory, incidental, consequential, and punitive damages;

(b) Granting Plaintiff's attorneys' fees, costs of suit; and

(c) Granting such other and further relief as the Court deems just and equitable.

## COUNT SEVEN
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

42. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth at length herein.

43. Every contract in the State of New Jersey contains implied covenants of good faith and fair dealing.

44. Pursuant to the contract between the parties, Defendant has an affirmative duty to act with good faith and fair dealing with respect to their relationship and dealings with Plaintiff.

45. The Defendant has breached the covenants of good faith and fair dealing.

46. As a result of the foregoing, Plaintiff has sustained substantial damages and imminent and irreparable harm.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order:

(a) Granting Plaintiff's compensatory, incidental, consequential, and punitive damages;

(b) Granting Plaintiff's attorneys' fees, costs of suit; and

(c) Granting such other and further relief as the Court deems just and equitable.

4931-2776-4297, v. 1

## COUNT EIGHT
### (Tortious Interference)

47. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth at length herein.

48. Defendant improperly retained the Plaintiff's Inventory without fulfilling shipments in a timely fashion.

49. Through the aforesaid unlawful and malicious conduct, Defendant has intentionally and maliciously interfered with Plaintiff's business.

50. As a result of the above, Plaintiff has been harmed.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order:

(a) Granting Plaintiff's compensatory, incidental, consequential, and punitive damages;

(b) Granting Plaintiff's attorneys' fees, costs of suit; and

(c) Granting such other and further relief as the Court deems just and equitable.

## COUNT NINE
### (Attorneys' Fees)

51. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth at length herein.

52. Plaintiff incurred significant legal expenses in order to pursue the within claims against Defendant.

53. Plaintiff is entitled to reasonable attorneys' fees pursuant to Federal Rule of Bankruptcy Procedure 7054(b).

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order:

4931-2776-4297, v. 1

(d) Granting Plaintiff's compensatory, incidental, consequential, and punitive damages;

(e) Granting Plaintiff's attorneys' fees, costs of suit; and

(f) Granting such other and further relief as the Court deems just and equitable.

**McMANIMON, SCOTLAND & BAUMANN, LLC**
*Proposed Counsel for PishPosh, Inc., the Chapter 11 Debtor and Debtor-in-Possession*

Dated: June 3, 2025

By: /s/ *Sari B. Placona*
Sari B. Placona

## **VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

**CHAIM BIRNBAUM**, being of full age, hereby certifies as follows:

1. I am the Chief Executive Officer of the Debtor and Plaintiff in this matter.

2. I am authorized to make this verification on its behalf.

3. I have read the allegations contained in the Verified Complaint, and the facts and circumstances set forth therein are true to the best of my knowledge, except where noted as on information and belief, as to which I believe them to be true.

3. I declare under penalty of perjury that the foregoing is true and correct.


Dated: June 3, 2025                                        */s/ Chaim Birnbaum*
                                                                      **CHAIM BIRNBAUM**

4931-2776-4297, v. 1