

**Joseph L. Schwartz**
Executive Committee

<u>Direct</u>:
t: 973.451.8506
f: 973.538.1984
jschwartz@riker.com

7 Giralda Farms, Suite 250
Madison, NJ 07940-1051

July 7, 2025

<u>Via Email and ECF</u>

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, New Jersey 08608

Re:   *In re PishPosh, Inc.*, Case No. 25-15424 (CMG)
      *PishPosh, Inc. v. SMPL LLC*, Adv. Proc. No. 25-01234 (CMG)

Dear Chief Judge Gravelle,

We were just retained as counsel to SMPL LLC ("<u>SMPL</u>"), the named defendant in the above-captioned adversary proceeding.  We are in the process of working with SMPL to collect the necessary background information and documentation to appropriately advise SMPL with respect to the Debtor's recent filings and this Court's recent orders.

Specifically, we are in receipt of the *Debtor's Motion for an Order (I) Authorizing the United States Marshall to Arrest Yehuda (Jeff) Saks, Principal of SMPL LLC, and (II) for Further Sanctions and Related Relief*, filed July 3, 2025 [Adv. Pro. Dkt. No. 18] (the "<u>Motion</u>"); the accompanying *Application for Order Shortening Time*, also filed July 3, 2025 [Adv. Pro. Dkt. No. 19]; and the Order entered by the Court this morning scheduling a hearing on the Motion for July 15, 2025 at 10:00 a.m. [Adv. Pro. Dkt. No. 20].

We understand that our client recently turned over to the Debtor inventory that is at issue in the pending adversary proceeding, as previously ordered by the Court.  Based on our preliminary understanding, the remaining inventory referenced by the Debtor in its Motion was sold by SMPL on March 27, 2025 — well before the commencement of the Debtor's bankruptcy case — in order to partially satisfy the Debtor's substantial overdue pre-bankruptcy debt to SMPL.  Accordingly, the sold inventory is not property of the estate.

Moreover, our client has advised us that the Debtor has not been engaged in meaningful business operations for several months, and ceased purchasing new inventory from vendors as of January 2025.  Further, our client has advised us that over the past few months, the Debtor has

July 7, 2025
Page 2

transitioned to operating its business from ordinary course operations to instead focusing its efforts on liquidating existing inventory in order to repay a high-interest secured loan in the approximate amount of $1.9 million made to the Debtor by an entity called Altbanq, which our client has informed us is partially owned and/or controlled by a principal or insider of the Debtor.

Accordingly, the inventory at issue does not appear to be critical to any ongoing normal course operations. Under these circumstances, and given the extraordinary nature of the relief sought, we respectfully submit that there is no true emergency warranting expedited consideration of the Motion.

We therefore respectfully request that the Court reconsider the July 15 hearing date and defer a hearing on the Motion to either the week of July 21 or July 28 to allow our office adequate time to become fully informed with respect to this matter and, if appropriate, to prepare a formal response.

Respectfully submitted,

*/s/ Joseph L. Schwartz*

Joseph L. Schwartz

cc: Sari B. Placona, Esq. (via Email and ECF)

4897-3952-4435