**MS&B** McMANIMON • SCOTLAND • BAUMANN

75 Livingston Avenue, Roseland, NJ 07068  (973) 622-1800

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
**splacona@msbnj.com**
Client No. 70908-0001

July 8, 2025

**Via ECF**
Honorable Christine M. Gravelle
United States Bankruptcy Court
402 East State Street
Trenton, NJ 08608

      **Re:**    **PishPosh, Inc.**
                **Case No. 25-15424 (CMG)**

                **PishPosh, Inc. v. SMPL LLC**
                **Adv. Proc. No. 25-01234 (CMG)**

Dear Judge Gravelle:

      As Your Honor is aware, this firm represents PishPosh, Inc., the Chapter 11 debtor and debtor-in-possession (the "Debtor"), and the plaintiff in the above referenced matters.

      Please accept this letter in response to SMPL LLC's ("SMPL") July 7, 2025 letter (the "Letter"). Adv. Pro. No. 23. SMPL alleges in the Letter that it sold the Debtor's inventory on March 27, 2025. Conveniently, the alleged March 27, 2025 inventory sale date pre-dates (i) not only the Debtor's bankruptcy filing of May 21, 2025, but also (ii) the April 1, 2025 Order to Show Cause with Temporary Restraints entered in the Superior Court of New Jersey, Monmouth County, Chancery Division, General Equity, under case caption *Altbanq Lending LLC v. SMPL, LLC*, bearing Docket No. L-1231-25 ("State Court Order"). Despite the State Court Order and above captioned adversary proceeding concerning the Debtor's inventory, SMPL has failed to disclose the alleged March 27, 2025 sale of inventory to any court or to the Debtor. Moreover, SMPL has repeatedly failed to disclose the sale of inventory specifically to this Court, despite having had ample opportunities to do so throughout the course of this adversary proceeding.

      The Debtor's inventory is subject to UCC-1 Financing Statements, filed in New Jersey and Delaware. Thus, SMPL's alleged March 27, 2025 sale of the inventory was required to be done in a commercially reasonable manner, which requires notice to interested parties. Moreover, despite the alleged sale on March 27, 2025, Mr. Yehuda (Jeff) Saks ("Mr. Saks"), the principal of SMPL, emailed with the Debtor and representatives of Altbanq Lending LLC ("Altbanq") on the same date, yet failed to disclose the alleged sale. Moreover, on May 1, 2025, Mr. Sak's emailed a representative of Altbanq discussing applying sale of inventory to balances due and owed to SMPL and Altbanq, without disclosing that the inventory was allegedly sold over a month prior to then. On March 25, 2025, Altbanq's counsel emailed Mr. Saks notifying him that the inventory was subject to Altbanq's perfected senior lien, to which Mr. Sak's replied SMPL had no interest in repossessing any inventory and was not in the business of selling inventory.

  Regardless of whether SMPL was aware of the UCC-1 Financing Statements securing an interest in the inventory, SMPL – a sophisticated warehouse operation company – had a duty to review whether the inventory was subject to security interests, prior to selling the inventory and regardless of whether SMPL had a warehouse lien against the inventory.

  SMPL's lack of disclosure of the alleged sale violates the uniform commercial code and damages the Debtor's reorganization efforts. Accordingly, the Debtor respectfully submits that SMPL must provide a full accounting of the alleged March 27, 2025 sale and the resulting proceeds. Moreover, the Debtor submits the urgency of this matter requires immediate court intervention. Therefore, the Debtor requests the Court maintain the July 15, 2025 hearing date scheduled for the Debtor's Motion for an Order (I) Authorizing the United States Marshall to Arrest Yehuda (Jeff) Saks, Principal of SMPL LLC, and (II) for Further Sanctions and Related Relief. Adv. Pro. No. 23.

  We thank the Court for its consideration.

            Respectfully submitted,

            */s/ Sari B. Placona*

            Sari B. Placona

4923-7635-3875, v. 1